# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PHOMPHAPHONE PHROMKHARANOURAK and LAURIE PHROMKHARANOURAK,

Plaintiffs,

v.

ERIE INSURANCE COMPANY,

Defendant.

Case No. 24-CV-1187-JPS

**ORDER**

Defendant Erie Insurance Company ("Erie") moves for an order converting its first affirmative defense to a counterclaim, either by filing an amended pleading pursuant to Federal Rule of Civil Procedure 15 or by having the Court convert the defense to a counterclaim pursuant to Federal Rule of Civil Procedure 8. ECF No. 16; ECF No. 17 at 4–5. Plaintiffs Phomphaphone Phromkharanourak and Laurie Phromkharanourak oppose allowing Erie to add a declaratory judgment claim. *See generally* ECF No. 19 at 1–6. Erie also requests that the Court enter summary judgment against its counterclaim if it is allowed and certify the judgment as final. ECF No. 17 at 6–8. Erie seeks to convert the defense regarding its interpretation of its contract language to a counterclaim for a declaratory judgment in order to appeal this Court's summary judgment order, which interpreted the insurance contract language at issue in this case contrary to Erie's arguments. *See id.*; *see generally also* ECF No. 15.

For the reasons described below, the Court will deny Erie's motion to add a counterclaim for a declaratory judgment by either route and will deny the remaining aspects of Erie's motion as moot.

Under Federal Rule of Civil Procedure 8(c)(2), "[i]f a party mistakenly designates a defense as a counterclaim, . . . the court must, if justice requires, treat the pleading as though it were correctly designated."[1] Similarly, under Federal Rule of Civil Procedure 15(a)(2), the Court should freely grant leave to amend when "justice so requires."

Defendant argues that converting its affirmative defense is just because Plaintiffs "were in no way prejudiced by Erie's improper designation." ECF No. 17 at 5. Plaintiffs respond that "[c]reating a claim to dismiss it and create a final order" is not an appropriate use of the Federal Rules. ECF No. 19 at 3. Because justice requires more than futility, the Court will deny Erie's motion.

Erie correctly notes that "[j]ustice typically requires allowing amendment barring '. . . futility of amendment.'" ECF No. 17 at 5 (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). And, as the Seventh Circuit stated in *Garcia v. City of Chicago*, "[a] district court does not abuse its discretion in denying leave to amend if the proposed repleading would be futile, . . . and futile repleadings

---

[1]The Court is skeptical that Federal Rule of Civil Procedure 8(c)(2) is the appropriate rule for Erie's motion, as the Rule's plain language requires that the improper designation be a mistake. *See Biogen Inc. v. Sandoz Inc.*, No. CV 22-1190-GBW, 2025 WL 753849, at *3–4 (D. Del. Mar. 10, 2025) (denying conversion under Rule 8(c)(2) because the designations were not mistaken). Indeed, Erie moved for summary judgment on the affirmative defense and fully briefed it and brought the instant motion after the Court denied its motion for summary judgment in an effort to appeal the Court's order. *See* ECF Nos. 9, 10, 14, 15. However, the parties have not briefed this issue, so the Court does not rely on it.

include . . . reasserting claims previously determined." 24 F.3d 966, 970 (7th Cir. 1994) (citing *DeSalle v. Wright*, 969 F.2d 273, 278 (7th Cir. 1992) and *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983)). Although *Garcia* was in the context of leave to amend under Rule 15, such analysis is also relevant here as both Rules 8(c)(2) and 15(a)(2) include the "justice so requires" language. *See also* FED. R. CIV. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Here, Erie's proposed counterclaim would be futile. The Court has already decided the proper interpretation of the contract language on which Erie seeks a declaratory judgment in its proposed counterclaim. ECF No. 15; ECF No. 16-1 at 4–5. And the parties agree that the Court should accordingly immediately enter judgment against the counterclaim if it were allowed. ECF No. 19. Rather than establishing that justice requires either amendment or conversion, Erie has argued—and the parties have agreed to—the opposite.

Erie cites *Karum Holdings LLC v. Lowe's Cos.* in support to argue that conversion of an affirmative defense to a counterclaim is just where the opposing party has fair notice of the content of the counterclaim. ECF No. 17 at 4 (citing No. 15 C 380, 2017 WL 5593319, at *3 (N.D. Ill. Nov. 21, 2017)). However, Erie's reliance is misplaced. In *Karum*, the court held that justice did not require it to construe the affirmative defenses as counterclaims and in fact "require[d] the opposite" because "fact and expert discovery closed months ago and trial [was] but weeks away." 2017 WL 5593319, at *3. While Erie is correct that the prejudice of *Karum* is not present here, lack of prejudice is not the only factor courts consider for conversion of a

counterclaim. Case law does not clearly define the phrase "justice so requires" but instead commits such determinations to the discretion of the trial court. *See 389 Orange St. Partners v. Arnold*, 170 F.3d 1200, 1207 (9th Cir. 1999) ("Federal Rule of Civil Procedure 8(c) requires a district court to treat a claim that was misdesignated as a counterclaim as an affirmative defense if 'justice so requires.' Caselaw does not interpret the phrase 'justice so requires . . . .'"). Because an appeal would delay this long-pending case and because Erie's amendment would be futile, the Court finds that justice does not require allowing Erie's counterclaim by either route.

Justice requires more than futility. And here, justice is better served by the prompt resolution of the case, which has been pending for over two years now.[2]

Accordingly,

**IT IS ORDERED** that Defendant Erie Insurance Company's motion to allow declaratory judgment claim, enter judgment, and certify judgment for appeal, ECF No. 16, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of September, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

[2]While Erie is concerned about this Court's summary judgment decision's "far-reaching ramifications on how Erie addresses appraisal demands in Wisconsin," ECF No. 17 at 1, this Court's decision is not Wisconsin law nor are the state's courts bound by it. A federal court sitting in diversity issues decisions based on its prediction of how the state's highest court is likely to rule. *Hall v. Cont'l Cas. Co.*, 207 F. Supp. 2d 903, 912 (W.D. Wis. 2002) (citing *Commissioner of Internal Revenue v. Bosch's Estate*, 387 U.S. 456, 465 (1967)); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938).